# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 13, 2001 Session

## PACKAGE EXPRESS CENTER, INC. v. DOUG MAUND, ET AL.

**Appeal from the Chancery Court for Greene County**
**No. 95-78      Thomas R. Frierson, II, Chancellor**

**FILED MAY 30, 2001**

**No. E2000-02059-COA-R3-CV**

---

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the information supplied by PEC to Athens Pharmacy, along with the training and equipment furnished to the latter, do not "rise to the level of creating a protectable interest." This is because none of it is "sufficiently special as to make a competing use of it by [Athens Pharmacy] unfair." *Vantage Technology, LLC v. Cross,* 17 S.W.3d 637, 645 (Tenn. Ct. App. 1999), *perm. app. denied* April 17, 2000.

My departure from the majority opinion is based upon my disagreement with its conclusion that PEC has a protectable interest simply because "it would be very difficult for PEC...to compete with Athens Pharmacy by setting up a service center in another retail location." The majority bases this conclusion on the fact that the customers of Athens Pharmacy are "drawn in by the name recognition and goodwill of Athens Pharmacy and not PEC." I believe the factual predicate for the majority's conclusion is borne out by the record; but, in my judgment, it is precisely because that predicate is supported by the evidence that PEC does not have a protectable interest in Athens Pharmacy's business relationships. This case is unlike *Vantage* where, the employee, Cross, had become the "face" of his employer. *Id.* at 645-46. In *Vantage*, we found that Cross' relationships with his customers were based on his employer's goodwill. *Id.* at 646. The facts of the instant case, as found by the majority, compel the opposite conclusion. There is no reason to believe that the customers of Athens Pharmacy were even aware of the existence of PEC. They certainly did not patronize Athens Pharmacy because of PEC.

I recognize that the relationship at issue in the present case is that of business-to-business rather than employer-employee, as was the case in *Vantage*; but, in my judgment, the principles enunciated in *Vantage* are applicable to the instant litigation.

I would hold that the non-competition provisions in this case amount to nothing more than an unlawful restraint of ordinary competition.  I would refuse to enforce them.  I believe this case is closer to *Hasty v. Rent-A-Driver, Inc.,* 671 S.W.2d 471 (Tenn. 1984) than it is to *Vantage*.


Accordingly, I concur in part and dissent in part.


_____
CHARLES D. SUSANO, JR., JUDGE